UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MIKEAL COLE, | ) |
|     *Plaintiff* | ) ) ) |
| v. | ) CAUSE NO. 1:14-CV-198 RLM |
| NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security, | ) ) ) ) ) |
|     *Defendant* | ) |

OPINION AND ORDER

This cause is before the court on Mikeal Cole's motion for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, following the court's entry of final judgment remanding the case to the Commissioner of Social Security for further proceedings. Mr. Cole's attorneys, Jason Rodman and Randal Forbes, request an award of fees in the amount of $24,115.56. The Commissioner objects to his request.

The EAJA isn't "an automatic fee-shifting statute," so merely prevailing against the Commissioner doesn't entitle a party to an award of fees. Potdar v. Holder, 585 F.3d 317, 319 (7th Cir.2009). The EAJA allows a district court to award attorney's fees "where (1) the claimant was a 'prevailing party,' (2) the government's position was not 'substantially justified,' (3) no special

---

[1] Nancy A. Berryhill, the Acting Commissioner of Social Security, has been substituted as the named defendant, pursuant to Fed. R. Civ. P. 25(d)(1).

circumstances make an award unjust, and (4) the claimant filed a timely and complete application with the district court." Stewart v. Astrue, 561 F.3d 679, 683–684 (7th Cir. 2009).

Mr. Cole filed a timely petition supported by an itemized statement and is a "prevailing party" and there are no "special circumstances" in this case that would make an award of fees and costs unjust. Whether the Commissioner's position was substantially justified, is subject to dispute.

The Commissioner bears the burden of establishing that her position was substantially justified overall. Conrad v. Barnhart, 434 F.3d 987, 990 (7th Cir.2006). "[A] position can be justified even though it is not correct, and . . . can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is if it has a reasonable basis in law and fact." Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988); *see also* Stewart v. Astrue, 561 F.3d 679, 683 (7th Cir.2009); Golembiewski v. Barnhart, 382 F.3d 721, 724 (7th Cir. 2004). "EAJA fees may be awarded if either the government's pre-litigation conduct [*e.g.*, the ALJ's decision] or its litigation position are not substantially justified." Golembiewski v. Barnhart, 382 F.3d at 724 (quoting Marcus v. Shalala, 17 F.3d 1033, 1036 (7th Cir. 1994)).

This court believed that the position the Commissioner took before and during litigation was reasonably based on the law and the facts that were presented to the ALJ, and so affirmed his decision to deny benefits. But the court

2

of appeals disagreed, and this court is bound by its decision. *See* United States v. Thouvenot, Wade & Moerschen, Inc., 596 F.3d 378, 384 (7th Cir. 2010) ("[I]f it is apparent from our opinion that we think the government lacked a substantial justification for its position, though the judge had thought it not only substantially justified but correct, he must bow.").

The only issue remaining is whether the hours expended and hourly rate requested are reasonable. The EAJA permits recovery of attorney fees based on "prevailing market rates," but not in excess of $125 per hour, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

Mr. Rodman and Mr. Forbes submitted an itemized statement, affidavits, and other documentation (including the Bureau of Labor Statistics' Consumer Price Index) indicating that they expended 126.2 hours on Mr. Cole's case and that a reasonable hourly rate for their services would be $191.09 based on inflation, a rise in the cost of living, and past fee awards in this circuit.

Counsels' use of the Consumer Price Index to calculate an appropriate inflation adjustment is reasonable, as is the hourly rate they request, *see* Tchemkou v. Mukasey, 517 F.3d 506, 512 (7th Cir. 2008) ("[G]iven the passage of time since the establishment of the hourly rate, a cost-of-living adjustment is warranted."). But the Commissioner contends that the number of hours billed is

excessive, and argues that the 25 hours expended on writing the appellate brief and another 25 hours to re-review the record and write an appellate response brief demonstrate that Mr. Cole's attorneys didn't exercise proper billing judgment. The Commissioner offers nothing further to support her argument—no suggestion of how many hours should have been expended on the case or how many hours would have been reasonable—and, as a result, hasn't adequately demonstrated why those hours should be discounted.

The hours expended and fee requested are significant; but the court can't find on the basis of the record before me that they were unnecessary or unreasonable, in light of the results obtained. *See, e.g.,* Willano v. Astrue, 2009 WL 1803131, *4 (N.D. Ind. 2009) (awarding fees for 180.1 hours of attorney time amounting to $31,952.82); Getch v. Astrue, 2009 WL 89667 (N.D. Ind. 2009) (awarding fees for 169.2 hours of attorney time amounting to $28,680.35); Smith ex rel. Smith v. Apfel, 2001 WL 199505 (N.D.Ill.2001) ($32,949.63 awarded); DeFrancesco on Behalf of DeFrancesco v. Sullican, 803 F.Supp. 1332 (N.D.Ill.1992) ($28,647.60 awarded); Rohan v. Apfel, 1997 WL 803867 (N.D.Ill.1997) ($24,834.00 awarded in 1997).

Accordingly, the court GRANTED Mr. Cole's motion for an award of fees and cost under the EAJA in the total amount of $24,115.56 [Doc. No. 45].

SO ORDERED.

ENTERED:   October 16, 2017

/s/ Robert L. Miller, Jr.
Judge
United States District Court